. Per Curiam :
Tbe claimant, in August, 1861, was an officer in tbe regular army of tbe United States. On tbe 23d day of that month be was commissioned as colonel of tbe 2d regiment of Missouri cavalry, known as tbe “Merrill borse,” a volunteer organization. He remained in sucb service until the 14th of December, 1S65, when be was honorably discharged tbe volunteer service, and resumed bis duty and rank in tbe regular army.
This suit is brought to recover tbe three months’ pay given to volunteer officers honorably discharged by tbe 4th section act 3d March, 1865, (13 Stat., p. 497,) which is as follows :
“ All officers of volunteers now in commission below tbe rank of brigadier general, who shall continue in tbe military service until tbe close of tbe war, shall be entitled to receive upon being mustered out of said service three months’ pay proper.”
Some doubts having arisen as to the meaning of this provision, Congress, on tbe 13th July, 1866, passed an act directing that it shall “ be so construed as to entitle to tbe three months’ pay proper provided for therein all officers of volunteers below the rank of brigadier general, who were in service on the 3d of March, 1865, and whose resignations were presented and accepted, or who were mustered out at their own request, or otherwise honorably discharged from the service after the 9th day of April, 1865.” — 14 Stat. L., p. 94.
We confess that there is great force in the objection of the learned Deputy Solicitor, that this provision was intended specially for those persons who left civil occupations to engage in the military service, and to afford them the means of living until they should be able to return to some permanent employment. There are a number of such cases. It is important that the law shall be settled. And as the United States have the right of appeal in these cases, and the claimant, by reason of the limited amount in controversy, has not, we rule the case in favor of the claimant, that it may be authoritatively decided by the Supreme Court of the United States.
Judgment for claimant for #330.'